**Joanne Lynn SEEGERT and Norman Seegert, Plaintiffs,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Defendant.**

**Civ. A. No. 83CV–6393–AA.**

United States District Court, E.D. Michigan, S.D.

March 30, 1984.

Norman Seegert, Joanne Lynn Seegert, pro se.

Charles H. Fash, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., Ross I. MacKenzie, Asst. U.S. Atty., Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This case is before the Court on defendant's motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons stated herein, the motion is granted.

## FACTS

Taking the facts as stated in the complaint, the Internal Revenue Service sent plaintiffs a letter on June 24, 1983, informing them that their W–4 form, on which plaintiffs had claimed 99 personal exemptions, was invalid. The I.R.S. also gave plaintiff notice that it was assessing a $500 penalty against plaintiffs under 26 U.S.C. § 6682[1] for filing false information with respect to withholding. On the same day, the I.R.S. sent a letter to plaintiffs' employer, directing it to withhold taxes from plaintiffs' paychecks according to the rates available for persons claiming a single exemption.[2]

Plaintiffs failed to pay the penalty. On October 7, the I.R.S. informed the employer by letter of its intention to levy upon plaintiffs' wages in order to collect the penalty. Plaintiffs filed the instant action on October 18, alleging that the levy constituted a deprivation of property without prior judicial determination of liability, in violation of the due process clause of the fifth amendment, and moved this Court for a preliminary injunction, restraining the I.R.S. from effectuating the levy. In an order dated November 16, the Court denied the motion. The I.R.S. subsequently collected the $500 penalty by means of the levy.

## DISCUSSION

Defendant Commissioner has brought this motion to dismiss, arguing alternatively that the suit is barred by the doctrine of sovereign immunity, that it is precluded by operation of the Anti-Injunction Act, 26 U.S.C. § 7421(a),[3] and that plaintiffs have failed to state a cause of action.

1. That section of the Internal Revenue Code provides:

§ 6682. False information with respect to withholding

(a) Civil penalty.—In addition to any criminal penalty provided by law, if—

(1) any individual makes a statement under section 3402 which results in a decrease in the amounts deducted and withheld under chapter 24, and

(2) as of the time such statement was made, there was no reasonable basis for such statement, such individual shall pay a penalty of $500 for such statement.

(b) Exception.—The Secretary may waive (in whole or in part) the penalty imposed under subsection (a) if the taxes imposed with respect to the individual under subtitle A for the taxable year are equal to or less than the sum of—

(1) the credits against such taxes allowed by part IV of subchapter A of chapter 1, and

(2) the payments of estimated tax which are considered payments on account of such taxes.

(c) Deficiency procedures not to apply.—Subchapter B of chapter 63 (relating to deficiency procedures for income, estate, gift, and certain excise taxes) shall not apply in respect to the assessment or collection of any penalty imposed by subsection (a).

2. The authority of the I.R.S. to direct the employer to disregard the W–4 form when it has reason to believe that statements made on the form are false is conferred by 26 C.F.R. § 31.-3402(f)(2)–(1)(g)(5).

3. That section of the Internal Revenue Code provides:

(a) Tax.—Except as provided in sections 6212(a) and (c), 6213(a), and 7426(a) and (b)(1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

The courts have unanimously concluded that § 7421(a) applies to actions brought by taxpayers to enjoin the I.R.S. from collecting a $500 penalty assessed under 26 U.S.C. § 6682, *see, e.g. Souther v. Mihlbachler,* 51 A.F.T.R.2d 83–915 (10th Cir.1983); *Cox v. Commissioner,* 51 A.F.T.R.2d 83–685 (E.D.Mich.1983). In *Enochs v. Williams Packing and Navigation Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), the Supreme Court established a two-fold test which plaintiff must satisfy in order to circumvent the prohibition against maintaining a suit to enjoin the collection of taxes. Plaintiff must show that (1) taking the facts in a light most favorable to the government, the government would be unable to prevail on the merits, and (2) plaintiff is without an adequate remedy at law. Because plaintiffs have failed to meet either of these independent and necessary requirements,[4] the Court concludes that the Anti-Injunction Act has divested it of jurisdiction to entertain this action.

Plaintiffs rely upon *Laing v. United States,* 423 U.S. 161, 96 S.Ct. 473, 46 L.Ed.2d 416 (1976) for the proposition that the assessment of a § 6682 penalty prior to a judicial determination violates the due process clause. *Laing* clearly provides no support for such an argument. That case involved a challenge to a jeopardy assessment imposed by the I.R.S. pursuant to 26 U.S.C. § 6851(a)(1). That provision permits the I.R.S. to terminate immediately a taxpayer's taxable period when it determines that the taxpayer intends to commit any act tending to prejudice or render ineffectual the collection of his income tax for the current or preceding year.

The facts in *Laing* are notably different from those in the instant case. Laing's

vehicle was searched by U.S. customs authorities, who found $300,000 in U.S. currency in the car, after Laing and his traveling companions had been refused entry into Canada. The I.R.S. determined that Laing and his companions were attempting to remove assets beyond the reach of the United States government, and thereby render ineffectual the collection of federal income taxes. The I.R.S. declared the taxable period of Laing terminated immediately under 26 U.S.C. § 6851(a)(1) and assessed $310,000 in taxes against each of the three persons in the vehicle. Petitioner received no deficiency notice under § 6861(b) of the Internal Revenue Code, and was given no specific information about how the amount of the tax was determined.

The Court concluded that Laing was entitled to a deficiency notice upon the imposition of a jeopardy assessment by the I.R.S. The decision clearly was based on the Court's interpretation of sections 6851 and 6861 of the Code. In footnote 26 of the opinion, the Court raised and specifically refused to answer the question of whether due process required that a taxpayer in a jeopardy-assessment situation be afforded a prompt post-assessment hearing at which the government must make some preliminary showing in support of the assessment, 423 U.S. at 183–84, 96 S.Ct. at 485. Thus, *Laing* certainly provides no support for plaintiffs' contention that a taxpayer who has been assessed a $500 penalty under § 6682(a)(1) for filing a frivolous W–4 form, and who has been given notice of the penalty, is entitled to a prompt judicial hearing prior to imposition of the penalty.

The Court in *Laing* noted that the Anti-Injunction Act, by its terms[5] does not for-

---

**4.** With respect to condition (1), plaintiffs have not only failed to demonstrate that the government cannot prevail on the merits of their due process claim, they are themselves unlikely to prevail on this issue. As the Supreme Court has repeatedly stated, the use of summary procedures to collect the federal revenues does not offend due process when the taxpayer is given an adequate post-deprivation procedure to challenge the imposition of tax liability, *see Phillips v. Commissioner,* 283 U.S. 589, 595, 51 S.Ct. 608,

611, 75 L.Ed. 1289 (1931); *Fuentes v. Shevin,* 407 U.S. 67, 92 at n. 24, 92 S.Ct. 1983, 2000 at n. 24, 32 L.Ed.2d 556 (1972). Plaintiffs in this case have an adequate post-deprivation remedy in the form of an action for refund in the Tax Court under 26 U.S.C. § 7422.

With respect to condition (2), the availability of the refund suit also negates the possibility that plaintiffs will be denied an adequate remedy at law.

bid suits to enjoin the assessment of a deficiency, or a levy or proceeding to collect the deficiency, if the I.R.S. has failed to provide the taxpayer with a notice of deficiency and an opportunity to secure a final Tax Court determination, 423 U.S. at 184, n. 27, 96 S.Ct. at 485–86, n. 27. As the Court recognized in *Laing*, a deficiency notice is important to the taxpayer because it is a jurisdictional prerequisite to a taxpayer's suit in the Tax Court for redetermination of his tax liability under § 6861(b) of the Code, *id.* at 165, 96 S.Ct. at 476–77.

In this case, on the other hand, plaintiffs have the opportunity to bring a suit for refund of the penalty under § 7422. Further, § 6682 provides that deficiency procedures shall not apply to the assessment or collection of any penalty imposed under this provision,[6] *see Fritz v. United States,* 51 A.F.T.R.2d, 83–948 (S.D.Ohio 1983). For this reason, this case is distinguishable from *Laing* with regard to the applicability of the Anti-Injunction Act, which bars this suit.

For the foregoing reasons, the motion to dismiss is granted. Defendant's other motion is denied.

SO ORDERED.